FILED
2021 Feb-17  AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANNA ENGLER,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **DEVINCI'S PIZZA, INC. AND** | ) | **JURY DEMAND** |
| **JOHN A. DAY,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

## COMPLAINT

## I.    NATURE OF THIS ACTION

1.    Plaintiff brings this action to redress failure to pay her minimum wage, failure to pay her overtime wages, and retaliation in violation of the Fair Labor Standards Act. Specifically, the Plaintiff, Anna Engler, seeks injunctive relief, backpay, liquidated damages and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 *et seq*.

2.    During her entire employment, Plaintiff was not compensated by Defendants for any of the hours she worked. She was not paid the $2.13 an hour required for tipped employees such as servers, not paid minimum wage and not paid overtime.

3.    Through supplemental jurisdiction, this Court's jurisdiction extends over the related state law claims of invasion of privacy and assault and battery because all such claims arise from a "common nucleus of operative fact."

## II.    JURISDICTION AND VENUE

4.    This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4), 2001, 2002, and the FLSA.

5.    Venue is proper in the Northern District of Alabama, Southern Division pursuant to 28 U.S.C. § 1391(b) and (c).

## III.    PARTIES

6.    Plaintiff, Anna Engler, is a female citizen of the United States over the age of majority and a resident of the State of Alabama.

7.    Defendant, DeVinci's Pizza, Inc. is an entity subject to suit under the FLSA.

8.    Defendant, John A. Day, an individual and the sole owner of DeVinci's Pizza, is subject to suit under the FLSA.

## IV.    FACTS

9.    Plaintiff Engler worked for DeVinci's Pizza, Inc. ("DeVinci's") from February 2019 until she was terminated on or about March 18, 2020.

10.    DeVinci's, located in Homewood, Alabama, is a restaurant that serves pizza, pasta, salads and subs.

11.  John A. Day ("Day") owns DeVinci's and supervised Plaintiff.

12.  Plaintiff worked for DeVinci's as a server, a position where she waited on customers.

13.  Plaintiff worked an average of approximately fifty hours a week during her employment.

14.  Plaintiff spent a significant amount of time handling other work like washing dishes, running the cash register, opening and closing the restaurant, handling to go orders including packing them up and giving them to delivery companies like Uber Eats and Door Dash, answering the phone, dealing with vendors, changing beer kegs and running errands.

15.  Defendant Day physically assaulted Plaintiff in the following ways on a near daily basis: pinching various parts of Plaintiff's body until it bruised her and caused her pain, grabbing her, poking her with knives, jamming his finger into her neck and other assaults on her body.

16.  Day also made comments about Plaintiff's breasts and butt that were highly offensive and invasive of her privacy.

17.  Plaintiff regularly cried and begged Day to stop touching her, told him he was hurting her, and asked him to stop making crude comments about her, but Day would not stop.

18.   Plaintiff also kept asking Day to pay her minimum wage or the required amount under the FLSA of $2.13 an hour, but Day refused.

19.   In February and early March Plaintiff asked for a W-2 or some earnings reports to file taxes, but Day refused to provide her with anything.

20.   Day did not pay Plaintiff or the other servers anything; rather, they only received tips, which went into a tip pool and was divided amongst the staff, including staff that did not come into contact with customers, such as the dishwasher.

21.   Around February 2020, Plaintiff complained about not being paid the $2.13 per hour she had received as a server at other restaurants, and Day said we just don't do that here. Plaintiff never received a W-2 from him as well.

22.   When COVID came, Day laid off Plaintiff and other workers; however, only Plaintiff's layoff became permanent.

23.   Other employees hired after Plaintiff were either not let go or were called back to work after a month.

24.   For example, individuals Plaintiff knows by their first names as Jimbo and Karley were servers who were hired after Plaintiff was hired, but they were called them back to work instead of Plaintiff.

25.    Defendants willfully refused to pay Plaintiff minimum wage for each hour she worked and overtime for the time she worked in excess of forty (40) hours a week.

26.    Defendants should have paid Plaintiff $10.875 for each hour she worked in excess of forty (40) hours a week.

27.    Defendants willfully violated the FLSA by failing to pay Plaintiff minimum wage for the hours she worked under forty (40) hours a week and an overtime premium rate of pay for work she performed in excess of forty (40) hours a week.

28.    Defendants willfully violated the FLSA by mis-classifying Plaintiff as exempt under the FLSA without regard to the duties she performed.

29.    Shortly after Plaintiff complained to Day about the illegal wages she was receiving, Defendants terminated Plaintiff.

30.    But for Plaintiff complaining of the illegal wages she received, Defendants would not have terminated her.

31.    Defendants engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

32.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment, injunctive relief,

liquidated damages, compensatory and punitive damages is her only means of securing adequate relief.

33.   Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

## V.   CAUSES OF ACTION

### COUNT I – NON-PAYMENT OF MINIMUM WAGE IN VIOLATION OF THE FLSA

34.   The FLSA requires that tipped employees be compensated at a rate of $2.13 per hour in addition to the money they receive in the form of tips, as long as the sum of their wages and tips is at or above the minimum wage, $7.25 per hour. 29 U.S.C. §§ 203(m), 206(a)(1).

35.   The difference between the minimum wage and the lower rate of compensation for tipped employees is commonly referred to as the "tip credit."

36.   For the server work Plaintiff performed, the FLSA allows servers to be paid $2.13 an hour as opposed to minimum wage. Defendants must pay this to Plaintiff regardless of how much money Plaintiff earned in tips.

37.   In this case, Defendants did not pay Plaintiff anything, even the mandatory $2.13 an hour as required by the FLSA and required her to rely solely on tips for all of her wages.

38.   Also, Defendants required Plaintiff to pool her tips and share them with employees such as the dishwasher who did not come into contact with customers, and this sharing tips with the dishwasher invalidated the tip pool.

39.   Because Defendants failed to pay Plaintiff the $2.13 an hour and ran an illegal tip pool, Defendants may not utilize the "tip credit" and must pay Plaintiff minimum wage of $7.25 an hour for each hour she worked up to 40 hours a week.

40.   In addition, Plaintiff spent much of her time doing side work, not server work, where she had no expectation of receiving a tip, such as washing dishes.

41.   Plaintiff was also paid nothing by Defendants for this side work as opposed to being paid at least the required minimum wage of $7.25 an hour for those hours.

42.   Without being able to utilize the tip credit, Defendants were required to pay plaintiff minimum wage at $7.25 an hour for each hour she worked up to forty hours a week.

43.  Throughout Plaintiff's employment, Defendants willfully violated the FLSA by failing to pay Plaintiff minimum wage for the hours she worked under forty (40) hours a week.

44.  Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful, and Defendants failed to make a good faith effort to comply with the FLSA.

45.  In addition to the amount of wages owed to Plaintiff, Plaintiff is also entitled to recover an additional equal amount as liquidated damages plus pre-judgment interest and post-judgment interest.

## COUNT II – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

46.  Plaintiff regularly worked more than forty (40) hours per week, and she averaged fifty (50) hours a week.

47.  Because Defendants failed to pay Plaintiff the $2.13 an hour and ran in illegal tip pool, Defendants may not utilize the "tip credit" and must pay Plaintiff minimum wage of $7.25 an hour for each hour she worked up to 40 hours a week and time and a half for overtime at the rate of $10.88 an hour for each hour she worked over forty (40) hours a week.

48.  Throughout Plaintiff's employment, Defendants willfully violated the FLSA by failing to keep accurate records showing all the time it permitted or

required Plaintiff to work, which resulted in the denial of compensation, at an overtime premium rate for all time worked in excess of forty (40) hours in a workweek, as required by the FLSA.

49. During her entire employment, Plaintiff was not compensated by Defendants for the hours she worked, and was not compensated for overtime hours at a rate of one and one-half times the normal pay rate.

50. Throughout Plaintiff's employment, Defendants willfully violated the FLSA by failing to pay her any wage, failing to keep accurate records showing all the time it permitted or required Plaintiff to work, which resulted in the denial of compensation, at an overtime premium rate for all time worked in excess of forty (40) hours in a workweek, as required by the FLSA.

51. Throughout Plaintiff's employment, Defendants willfully violated the FLSA by permitting or requiring Plaintiff to perform work in excess of forty (40) hours a week without paying any overtime compensation for this time for each hour he worked over 40 hours week.

52. Defendants were aware that Plaintiff worked and continued to work in excess of forty hours a week and received no overtime pay.

53. As a result of Defendants' violations of the FLSA, Plaintiff suffered damages by failing to receive overtime wages in accordance with the FLSA.

54.    In addition to the amount of overtime wages owed to Plaintiff, Plaintiff is also entitled to recover an additional equal amount as liquidated damages plus pre-judgment interest and post-judgment interest.

## COUNT III – FLSA RETALIATION

55.    Plaintiff brings this count under the Fair Labor Standards Act (FLSA).

56.    Plaintiff engaged in activity protected by the FLSA when she complained that Defendants failed to pay her the minimum $2.13 an hour for each hour she worked as server.

57.    Defendants willfully violated the FLSA by taking adverse employment action against Plaintiff up to and including terminating her in retaliation for Plaintiff's opposition to the illegal conduct under the FLSA.

58.    The adverse employment actions taken by Defendants are causally connected to Plaintiff's engagement in protected activity under the FLSA. But for Plaintiff's engagement in protected activity, she would not have been terminated. Even if Defendants had other legitimate or illegitimate reasons for terminating Plaintiff's employment, her exercise of her statutory right remained the immediate cause of her discharge.

59.     Defendants have failed to articulate a legitimate, non-retaliatory reason for terminating Plaintiff.  In the alternative, Defendants' articulated reasons for terminating Plaintiff are not legitimate and are a pretext for retaliation.

## COUNT IV – INVASION OF PRIVACY

60.     Individual Defendant and Defendant company, through the acts of its agent/owner, invaded the privacy of Plaintiff, by, among other things, intruding into Plaintiff's private seclusion.

61.     Owner and individual Defendant John Day regularly subjected Plaintiff to an unwarranted invasion of her privacy by putting his hands on her body against her will and making unwelcome comments about private parts of her body.

62.     Defendant DeVinci's authorized, ratified and/or condoned the conduct of its agent, John Day, including actions which amounted to an invasion of Plaintiff's privacy.

63.     Defendants engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

## COUNT V – ASSAULT AND BATTERY

64.     Individual Defendant and Defendant company assaulted and battered Plaintiff by subjecting her to unwanted touchings, grabbing and pinching of her body.

65.   Defendant DeVinci's authorized, ratified and/or condoned its agent's, John Day's, actions which amounted to an assault and battery of Plaintiff.

67.   Defendants engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.   Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendants are violative of the rights of Plaintiff as secured by the FLSA.

2.   Award damages for Plaintiff under the FLSA, including compensation for unrecorded work time plus interest, unpaid wages, unpaid overtime, post-judgment interest, liquidated damages, and award Plaintiff compensatory damages and punitive in an amount to be proven at trial for her state law claims of invasion of privacy and assault and battery.

3.   Award all costs of litigation, including expert fees and attorneys' fees and costs.

4.   Award such other legal and equitable relief as the Court deems proper.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

 /s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb 8660-a61s
Christina M. Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-t46e
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500