# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANNA ENGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action Number: 2:21-CV-00232-KOB |
| | ) |
| DEVINCI'S PIZZA, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO APPROVE SETTLEMENT

The parties jointly move the Court to approve their proposed settlement. Because the parties have agreed that the financial terms of the settlement need not appear in the public record, the parties request that the Court base its review on an *in camera* inspection of their settlement agreement and supporting materials. Based on this review, the Court should find that the proposed settlement is a fair and reasonable resolution of a "bona fide dispute" under the FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

First, the amount Plaintiff is to receive represents a "fair and reasonable resolution" of hotly disputed claims for unpaid wages and/or overtime. As the Court's denial of Plaintiff's motion for partial summary judgment makes clear, the parties dispute liability under the Fair Labor Standards Act. The parties also dispute

1

the amount of damages Plaintiff would have been entitled to had she prevailed at trial. The Court found disputed issues of material fact as to 1) whether Defendants were entitled to claim the tip credit; 2) whether Defendants paid Plaintiff a cash wage of $2.13 per hour; and 3) whether Plaintiff worked in excess of forty hours per week.

Although Plaintiff estimated that her backpay exceeded $24,000, exclusive of liquidated damages, this was a "best case" scenario. In fact, as the Court's summary judgment opinion acknowledges, the jury may have found that Plaintiff was entitled to nothing. In the judgment of Plaintiff's counsel, the most probable result at trial would be that the jury believed Plaintiff worked fifty hours per week, but that her damages were limited to the $2.13 per hour that she claimed she never received. In this scenario, Plaintiff's backpay would have been approximately $7,000, exclusive of liquidated damages, an amount far less than Plaintiff's "best case" estimate.

Moreover, relevant persuasive authority suggests that even if Plaintiff had proved Defendant failed to satisfy the tip credit requirements, Plaintiff's damages on her claim would have been limited to the $2.13 per hour that she testified she never received, meaning that any jury verdict in excess of such an amount would be subject to reduction to a level not more than the approximately $7,000 she would have been awarded had the jury found that Defendant could use the tip credit to limit Plaintiff's damages to $2.13 per hour. See, e.g., *Sellers v. Keller Unlimited LLC*, Civil Action No. 2:17-cv-2758-RMG, 2019 U.S. Dist. LEXIS 194044, at *11

(D.S.C. Nov. 6, 2019) (collecting cases, including district court orders from within the Eleventh Circuit, and reasoning that "[t]hough neither the Supreme Court nor the Fourth Circuit has previously opined on the issue of a tip credit where an employer otherwise failed to pay minimum wage, other district courts have similarly held that the proper calculation of damages is confined to the actual unpaid wages, not forfeiture of the tip credit in its entirety"); *Perez v. Palermo Seafood, Inc.*, 548 F.Supp.2d 1340, 1348 (S.D. Fla. 2008), aff'd, 302 Fed. Appx. 905 (11th Cir. 2008) (holding an employer eligible to take advantage of the tip credit provision despite not fully compensating an employee for overtime work).

The risk of such a scenario was heightened by an early offer of judgment from Defendants that would have awarded Plaintiff an amount greater than $2.13 per hour. Had Plaintiff prevailed but only to the extent of the jury awarding her $2.13 per hour, she could have been responsible for paying Defendants' costs. Fed. R. Civ. P. 68. And even if Plaintiff had prevailed and been awarded a jury verdict in excess of this amount, Defendants are a small business with a limited ability to pay a larger judgment, raising significant concerns about her ability to collect if she prevailed. Indeed, the settlement agreement reflects Defendants' limited cash flow, providing that Defendant may pay the settlement amounts in payments spread out over time.

The settlement fully compensates Plaintiff under the most likely scenario of liability in this matter: the jury believing her testimony in its entirety but finding that

she was only entitled to $2.13 per hour, with the remainder of the settlement amount allocated as personal injury damages for Plaintiff's state law claims. Given the risk that Plaintiff might have received nothing, the likelihood that even if the jury believed her testimony in its entirety the jury would have awarded her an amount less than Defendants' offer of judgment, and the anticipated collection issues, the settlement is a reasonable compromise of a bona fide dispute under the FLSA.

The Court should also approve the parties' proposed settlement for attorney's fees, which were negotiated separately without regard to the amount paid to the plaintiff. *See, e.g., Holt v. Jefferson Cty. Comm. for Econ. Opportunity*, No. 2:17-cv-00683-JHE, 2019 U.S. Dist. LEXIS 117739, at *8 (N.D. Ala. July 15, 2019) (reasoning that "[s]ince the fees were negotiated separately, the undersigned will approve them without separately considering their reasonableness.") The proposed fee amount is reasonable, as the proposed settlement for fees represents a significant reduction on the value of the work performed to date by Plaintiff's counsel in this matter, as evidenced by Plaintiff's billing invoice that will be submitted for in camera review. Accordingly, the Court should approve the settlement in its entirety.

Dated: 10/18/2022

        Respectfully submitted,

        */s/ L. William Smith*
        Jon C. Goldfarb (ASB-7457-L67O)
        L. William Smith (ASB-8660-A61S)
        Christina M. Malmat (ASB-1214-Y44Q)
        Lieselotte Carmen-Burks (ASB-8304-T46E)
        **Attorneys for Plaintiff**

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC
The Kress Building
30119th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500


        */s/ Christopher S. Rodgers*
        Christopher S. Rodgers
        Stephanie M. Gushlaw
        **Attorneys for Defendants**

**OF COUNSEL:**
LANIER FORD SHAVER
& PAYNE P.C.
P.O. Box 2087
Huntsville, AL 35804