UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANNA ENGLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  CIVIL ACTION NO. )  2:21-cv-00232-KOB |
| DE VINCI's PIZZA, INC., *et al.*, | ) ) |
| Defendants. | ) |

## ORDER APPROVING SETTLEMENT

This matter comes before the court on the parties' joint motion to approve settlement. (Doc. 64). Consistent with the longstanding rule of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), the court has scrutinized the settlement of the Fair Labor Standards Act claims for fairness. Operating under the "strong presumption" that FLSA settlements are fair, the court finds that the settlement reflects a fair and reasonable compromise of a bona fide dispute under the FLSA. *See, e.g.*, *Bennett v. D.L.S. Marketing, LLC*, No. 6:08–cv–611–Orl–28GJK, 2009 WL 1309758 at *2 (M.D. Fla. May 7, 2009); *Wingrove v. D.A. Technologies, Inc.*, No. 1:10–CV–3227–HLM–WEJ, 2011 WL 7307626 at *2 (N.D. Ga. Feb. 11, 2011).

However, the court cannot without further justification approve the confidentiality clause of the settlement agreement, which the parties submitted to

1

the court for *in camera* review. Because of the public's interest in enforcement of the FLSA, confidentiality clauses in FLSA settlements are appropriate only when the parties provide "compelling" reasons overcome the "presumption of openness." *See, e.g.*, *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003). Because the parties provided no such reasons in their motion for approval, the court **ORDERS** that the settlement agreement will be placed on the public docket unless the parties provide compelling reasons for confidentiality of the settlement within seven days of this Order.

The court **GRANTS** the joint motion (Doc. 64), **APPROVES** the settlement except as to the confidentiality clause, and **DISMISSES** this case **WITH PREJUDICE**, with each party bearing its own costs except as otherwise provided for in the settlement agreement. The court retains jurisdiction solely for the purpose of enforcing the settlement agreement.

**DONE** and **ORDERED** this 27th day of October, 2022.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE